UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:20-cr-00032-KDB-SCR-1

| ABBY LEIGH HATCHER, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on Petitioner's Pro Se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [Doc. 84].

**I.   BACKGROUND**

On May 20, 2020, Petitioner was charged in a Bill of Indictment with one count of conspiracy to distribute and to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 846 (Count One) and one count of possession with intent to distribute methamphetamine and aiding and abetting the same in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Five). [Doc. 1: Bill of Indictment]. The amount of methamphetamine charged in both counts was 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, making 21 U.S.C. § 841(b)(1)(A) applicable. [Id.]. A warrant was issued for her arrest the same day. [Doc. 3: Arrest Warrant]. Petitioner fled to California and assumed her sister's identity. [Doc. 75 at ¶ 14: Presentence Investigation Report (PSR)]. She was apprehended more than two years later on May 20, 2022. [Id.].

Petitioner agreed to plead guilty to Count Five in exchange for the dismissal of Count One. [Doc. 66 at ¶¶ 1-2: Plea Agreement]. The parties agreed to jointly recommended that the Court

find that the amount of methamphetamine "ice" that was known to or reasonably foreseeable by the Petitioner was more than 500 grams but less than 1,500 grams, resulting in a base offense level of 34.[1]  [Id. at ¶ 8(a)].  The plea agreement set forth the 120-month mandatory minimum sentence for Count Five.  [Id. at ¶ 5].  As part of the plea, Petitioner waived her right to contest her conviction or sentence in any appeal or post-conviction proceeding, except for claims of ineffective assistance of counsel or prosecutorial misconduct.  [Id. at ¶ 17].

On September 19, 2022, Petitioner pleaded guilty in accordance with the plea agreement. At the plea hearing, Petitioner affirmed that she understood the terms of her plea agreement, including the charges and any maximum or minimum penalties and the waiver of her appellate and post-conviction rights.  [Doc. 67 at ¶¶ 8-9, 25-27: Acceptance and Entry of Guilty Plea].  The Magistrate Judge accepted Petitioner's guilty plea, finding that it was knowing and voluntary.  [Id. at 4].

Before sentencing, a probation officer prepared a PSR.  [Doc. 75].  The probation officer recommended that Petitioner be sentenced in accordance with the base offense level set forth in the plea agreement and recommended a two-level enhancement for Petitioner's role in the offense, a two-level enhancement for Petitioner's obstruction of justice, and a three-level reduction for acceptance of responsibility for a total offense level of 35.  [Id. at ¶¶ 20, 23-24, 27-29].  Informed by Petitioner's 2018 state conviction for possession of marijuana, the probation officer recommended a criminal history score of 1, establishing a criminal history category of I.  [Id. at ¶¶ 47 (citing U.S.S.G. §4A1.1(c)), 51].  With a total offense level of 35 and a criminal history category of I, the recommended guidelines range was 168 to 210 months.  [Id. at ¶ 84].  At sentencing, the Court adopted the probation officer's recommendations, except for the two-level role

---

[1] The methamphetamine was tested and found to be 100% pure.  [Doc. 75 at ¶ 12].

enhancement, and granted Petitioner's motion for a downward variance by one level for a guidelines range of 121 to 151 months. [Doc. 80 at 1, 3: Statement of Reasons]. The Court varied below that range by one additional month, sentencing Petitioner to the mandatory minimum sentence of 120 months. [Id. at 3; Doc. 79: Judgment]. Judgment was entered on February 9, 2023. [Doc. 79]. Petitioner did not file a direct appeal.

On February 5, 2024, Petitioner timely filed the pending motion to vacate pursuant to 28 U.S.C. § 2255. [Doc. 84]. Petitioner argues that her marijuana possession charge was pardoned before sentencing by Proclamation 10467 of October 6, 2022, and challenges her sentence based on actual methamphetamine rather than methamphetamine mixture. [Id. at 4-5]. Petitioner asks to be resentenced based on the sentencing guidelines for methamphetamine mixture but does not otherwise state what relief she seeks. [Id. at 5; see id. at 11].

This matter is now ripe for adjudication.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner challenges two aspects of her sentencing here, neither of which have merit. First, she argues that her marijuana conviction was pardoned and, therefore, presumably should not have been considered at sentencing. Petitioner is correct that the President's Proclamation 10467 of

October 6, 2022 pardoned convictions for simple possession of marijuana. This Proclamation, however, applies only to federal and D.C. convictions. The President has no authority to pardon state convictions. As such, it does not apply to Petitioner's state marijuana possession conviction. Moreover, the Court was bound by and sentenced Petitioner to the mandatory minimum sentence for her conviction. Removal of her state marijuana conviction would not have changed Petitioner's sentence in any regard.

Next, Petitioner challenges her sentence under 21 U.S.C. § 841, which was based on at least 500 grams but less than 1.5 kilograms of pure methamphetamine, rather than for the same amount of methamphetamine mixture. [See Doc. 84 at 5]. Petitioner argues that "empirical evidence showing disparity between actual and mixture cannot prove culpability" and that she "should not have been sentenced according to the Sentencing Guidelines' proxy seeing it has been debunked and deemed as 'divorced from reality.'" [Doc. 84 at 5]. This argument also fails. In addition to the enforceable waiver of the right to pursue post-conviction relief in her plea agreement, see United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005), Petitioner's claim on this issue is procedurally barred. A motion under § 2255 motion is not a substitute for a direct appeal. See United States v. Frady, 456 U.S. 152, 165 (1982). Claims of error that should have been raised on direct appeal, but were not, are procedurally barred unless the petitioner shows both cause for the default and actual prejudice or demonstrates that she is actually innocent of the offense. See Bousley v. United States, 523 U.S. 614, 621-22 (1998). Petitioner has not alleged or shown cause and prejudice or actual innocence.

Furthermore, Petitioner's challenge is not cognizable on collateral review. "[N]ot every alleged sentencing error can be corrected on collateral review… [O]nly those errors presenting a 'fundamental defect which inherently results in a complete miscarriage of justice' are cognizable."

4

United States v. Foote, 784 F.3d 931, 932 (4th Cir. 2015) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). Petitioner has not identified an error resulting in a fundamental defect. See United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999) ("[b]arring extraordinary circumstances, however, an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding").

Finally, Petitioner's claim is meritless. For most drug offenses, the base offense level found in U.S.S.G. § 2D1.1(c) reflects the type and quantity of drug(s) involved. The guidelines, however, distinguish between the concentrations of methamphetamine, resulting in a 10:1 ratio between actual or pure methamphetamine and methamphetamine mixture. For example, the base offense level of 34, applicable here, applies to at least 5 kilograms but less than 15 kilograms of methamphetamine mixture, but this offense level only requires at least 500 grams but less than 1.5 kilograms of pure methamphetamine. "The methamphetamine Guidelines are not empirically based, but rather derive the 10:1 purity ratio from the mandatory minimum penalties contained in 21 U.S.C. § 841(b)(1)(A) and 841(b)(1)(B)." United States v. Moreno, 583 F.Supp.3d 739 (2019). "[W]hile the Fourth Circuit has not explicitly stated that the 10:1 disparity is constitutional, it has affirmed the constitutionality of § 841…." United States v. Wilkerson, No. 2:16-00218, 2018 WL 3715744, at *3 (S.D.W. Va. Aug. 3, 2018) (citing United States v. Mason, 82 Fed. App'x 310, 313 (4th Cir. 2003)).

Nonetheless, "district courts are entitled to reject and vary categorically from the … Guidelines based upon a policy disagreement with those Guidelines." Spears v. United States, 555 U.S. 261, 265-66, 129 S.Ct. 840 (2009). While some courts have opted not to follow § 841's sentencing guidelines, see e.g. United States v. Nawanna, No. CR 17-4019-MWB, 2018 WL 2021350, at *10 (N.D. Iowa May 1, 2018), Petitioner was rightfully and properly sentenced

thereunder and was benefited by the Court's decision to vary downward to the mandatory minimum sentence here.

For all these reasons, the Court will deny and dismiss Petitioner's motion to vacate.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 motion to vacate.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 84] is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED**.

Signed: February 15, 2024

Kenneth D. Bell
United States District Judge